**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TERENCE BROWN, individually and as )<br>the alter ego of Jones & Brown Enterprises, )<br>Inc., d/b/a Daiquiri Zone Sports Bar; )<br>CEDRIC JONES, individually and as the )<br>alter ego of Jones & Brown Enterprises, )<br>Inc., d/b/a Daiquiri Zone Sports Bar, and )<br>JONES & BROWN ENTERPRISES, INC., )<br>an unknown business entity d/b/a Daiquiri )<br>Zone Sports Bar, )<br>)<br>Defendants. ) | Case No. CIV-08-482-M |

**ORDER**

Before the Court is defendant Cedric Jones' ("Jones") Motion to Dismiss, filed January 9, 2009. On January 27, 2009, plaintiff filed its response. Upon review of the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff owned the right to distribute the *Danger Zone: The Oscar De La Hoya v. Ricardo Mayorga Super Welterweight Championship Fight Program* (the "Program") which took place on May 6, 2006, via closed circuit television and via encrypted satellite signal. Pursuant to contract, plaintiff entered into subsequent agreements with various entities in the State of Oklahoma, allowing them to publicly exhibit the Program to their patrons. Plaintiff alleges that defendants and their agents, servants, workmen, or employees unlawfully intercepted, received, and/or descrambled the satellite signal and exhibited the Program at their commercial establishment at the time of its

transmission in violation of plaintiff's exclusive right, by contract, to exhibit and/or distribute the Program and in violation of 47 U.S.C. §§ 553 and 605.

On May 5, 2008, plaintiff brought the instant action against defendants Terence Brown and Jones & Brown Enterprises, Inc. for damages for violations of the Communications Act of 1934, as amended, 47 U.S.C. § 605, et seq., violations of the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, et seq., and civil conversion for the alleged improper receipt, transmission, and exhibition of the Program in violation of each of the referenced statutes. The Complaint was amended on October 20, 2008 to add Jones, individually and as the alter ego of Jones & Brown, Inc., d/b/a Daiquiri Sports Bar, as a defendant. Jones now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Amended Complaint.

II.     Standard of Review

The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Id.* (internal quotations and citations omitted). Finally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

III.  Discussion

    A.  Statute of limitations

Jones contends that Counts One and Two of plaintiff's Amended Complaint should be dismissed because they are barred by Oklahoma's applicable two year statute of limitations. Plaintiff, on the other hand, contends that the applicable statute of limitations is three years, and that even in the event the two-year limitations period applies, the amendment adding Jones as a defendant related back to the filing of the original complaint and, thus, this action is not barred.

Federal Rule of Civil Procedure 15(c) provides, in pertinent part:

> **(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
>
>     \*        \*        \*
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>     **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

      **(ii)**  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

  Having carefully reviewed the parties' submissions, the Court finds all of the requirements set forth in Rule 15(c)(1)(C) are satisfied. Specifically, the Court finds that the Amended Complaint asserts a claim that arose out of the same conduct or occurrence that was set out in the Complaint – the alleged interception and exhibition of the Program at Jones' commercial establishment, the Daiquiri Zone Sports Bar, on May 6, 2006. Further, the Court finds that Jones received notice of the instant action within the period prescribed by Federal Rule of Civil Procedure 4(m); defendant Jones & Brown Enterprises, Inc., an entity in which Jones is a part, was served on July 18, 2008 by sending the summons and Complaint to Adam G. Schwabe, who is Jones' counsel. Additionally, Jones and defendant Terence Brown, who was named in the Complaint, were co-owners of the Daiquiri Zone Sports Bar. Because this action involves actions which allegedly occurred at the Daiquiri Zone Sports Bar, and because defendant Terence Brown the other co-owner had been sued, the Court finds that Jones should have known that the action would have been brought against him but for a mistake. Finally, the Court would note that nothing has been presented which would indicate that plaintiff deliberately chose not to sue Jones and that the failure to name him was anything but a mistake.

  Accordingly, the Court finds that the Amended Complaint should relate back to the date the Complaint was filed, May 5, 2008. Because the Complaint was filed within two years of the incident in question, the Court finds that plaintiff's claims against Jones are not barred and should not be dismissed on this basis.

B.  Individual liability under 47 U.S.C. § 605(a)

Section 605(a) provides, in pertinent part:

> [N]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).  "To establish a violation of § 605(a) by an individual defendant, the plaintiff must show that the individual authorized the violations alleged in the complaint." *J & J Sports Prods., Inc. v. Rosales*, No. 07-cv-01113-RPM-MEH, 2008 WL 553292, at *3 ( D. Colo. Jan. 30, 2008).  Specifically, for an individual defendant to be vicariously liable, the plaintiff must show that the individual defendant had a "right and ability to supervise" the violations and that he had a strong financial interest in such activities.  *Id.*

Paragraph 17 of the Amended Complaint, the paragraph to which plaintiff refers in its response, provides as follows:

> With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named Defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above.  Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

Amended Complaint at ¶ 17.  The Court finds this paragraph does not state a plausible claim of individual liability under § 605(a) against Jones.  Specifically, the Court finds this paragraph contains no reference to whether Jones had a right and ability to supervise the violations nor that

Jones had a strong financial interest in intercepting the Program. The Court, therefore, finds the Amended Complaint does not set forth sufficient factual matter, accepted as true, to state a claim of individual liability under § 605(a) that is plausible on its face. Accordingly, the Court finds that this claim should be dismissed. In its response, however, plaintiff moves the Court to allow it to amend its complaint in order to cure any defects. Having reviewed the parties' submissions, the Court finds plaintiff should be granted leave to amend its complaint.

    C.    <u>Alter ego liability</u>

Plaintiff also names Jones as a defendant in this matter under the theory that he is the "alter ego" of defendant Jones & Brown Enterprises, Inc. Jones contends that plaintiff's allegations fail to state a claim of liability against him as the alter ego of defendant Jones & Brown Enterprises, Inc.

The general rule is that a corporation is a distinct legal entity separate and apart from other legal entities and stockholders. *Gulf Oil Corp. v. State*, 360 P.2d 933, 936 (Okla. 1961). However, under the "alter ego" doctrine, this distinction may be ignored if it can be shown that there is a scheme to defraud or where a corporation is so organized and controlled and its affairs so conducted that it is merely an instrumentality or adjunct of another. *Seitsinger v. Dockum Pontiac Inc.*, 894 P.2d 1077, 1079 (Okla. 1995); *Okla. Oil & Gas Exploration Drilling Program 1983-A v. W.M.A. Corp.*, 877 P.2d 605, 609 (Okla. Ct. App. 1994). Under Oklahoma law, a corporation may be deemed to be a mere instrumentality of an individual if (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation or vice versa, (4) corporate formalities are not followed, or (5) the corporation is merely a sham. *Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1018 (10th Cir. 1990).

Having carefully reviewed the Amended Complaint, the Court finds that plaintiff has not alleged sufficient factual matter, accepted as true, to state a claim against Jones as the alter ego of defendant Jones & Brown Enterprises, Inc. that is plausible on its face. Specifically, the Court finds that the Amended Complaint is devoid of any factual allegations which could plausibly establish alter ego liability. Accordingly, the Court finds that plaintiff's claim against Jones as the alter ego of defendant Jones & Brown Enterprises, Inc. should be dismissed. In its response, however, plaintiff moves the Court to allow it to amend its complaint in order to cure any defects. Having reviewed the parties' submissions, the Court finds plaintiff should be granted leave to amend its complaint.

### D.  Conversion claim

Jones contends that a claim for conversion of intangible personal property does not exist under Oklahoma law. Plaintiff's response does not controvert defendant's contention. Accordingly, the Court finds that plaintiff's state law claim for conversion should be dismissed for failure to state a claim.

### IV.  Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Jones' Motion to Dismiss [docket no. 12] as follows:

(A)  The Court GRANTS Jones' motion as to plaintiff's claim of individual liability under § 605(a), plaintiff's claim against Jones as the alter ego of defendant Jones & Brown Enterprises, Inc., and plaintiff's state law claim for conversion, and

(B)  The Court DENIES Jones' motion in all other respects.

Further, the Court GRANTS plaintiff leave to amend its complaint; said Second Amended Complaint shall be filed within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED this 29th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE